Oaruthers, J.,
delivered the opinion of the Court.
This was an action to recover $1600 00 upon a policy of insurance upon a dwelling-house in Gallatin, which was destroyed by fire, on 7th January, 1855.
The policy is dated 1st of January, 1855.
Two questions arise for consideration:
1. Had Miers an insurable interest in the property?
2. Was the certificate of the adjacent magistrate required in the contract of insurance, as a condition precedent to recovery, such as was required ?
1. The house and lot was sold under an execution in favor of Blew & Foster, against Thomas, who was the owner of the property, in December, 1854, and struck off to Miers. He did not pay .the money, nor get a deed.
Some arrangement was made with the creditors for time. He had some understanding with Thomas to the effect that he was to hold the property as a security for the amount bid, and other debts for which he was liable for him. Such was the state of his interest at the time the house was consumed by fire, on the night of the 7th Jan.,'1855, just seven days after the date of the policy.
*141 All these facts in relation to the title and the interest of Miers, were fully disclosed to . Thomas Boyers, the agent of the plaintiffs in error, before the risk was taken, as the jury have found. In February after, the said Miers having failed to pay the purchase money, the lot was re-sold by Blew & Foster, or under their judgment, and bought in by them. But this was after the fire, and after the liability of the insurers was fixed, if the interest in the plaintiff was insurable by law.
What is an insurable interest 'in property, is . not very clearly and distinctly settled in the books. It is said that it may be proved, without the evidence of any legal or equitable title to the property insured. The term interest, in this application, does not necessarily. imply property. There is some difficulty in likening an insurable interest to any other interest in property. Angel, on Ins., § 56. But policies of insurance, without some interest, are illegal and void, as a species of gaming.
So there must be a line of distinction between wager policies, and those coupled with an interest.
The contract of insurance is one of indemnity against losses and disadvantages to the insured; and therefore, any interest in the subject matter, or property insured, is sufficient to sustain an insurance of real estate.
An equity of redemption is a sufficient interest; and the mortgagee, as well as the mortgagor, may insure.
A person having a right to redeem property sold at execution, may insure while this right continues, and so may the purchaser. Ib., § 58, 59; • Leading *142 Cases in Eq., vol., 2, part 2, page 378. According to these principles, the plaintiff had an interest in this case that might be insured.
The true character and extent of his interest was disclosed to the insurer, as the jury hare found, upon a conflict of evidence, under a proper charge. This was essential to his claim. This interest continued from the date of the policy to the occurrence of the loss, and the deprivation of it afterwards, if such was the effect of the re-sale 'of the property in February, would not affect his right to recover.
2. The affidavits and certificate required by the terms of the policy, to be made before and by the nearest magistrate, were not intended as a condition precedent to the liability of the insurers and were regular and sufficient: Justice Boddie was the nearest, except two, who were creditors of the insured, and was therefore the proper officer.
3. The releases to Thomas, made him a competent witness. There is no error in the record, and the judgment will be affirmed.