PHOENIX INSURANCE CO. OF HARTFORD, COMPLAINANT, AP-
PELLEE, *v.* FIDELITY & DEPOSIT CO. OF MARYLAND, DE-
FENDANT, APPELLANT.

(*Jackson,* April Term, 1931.)

Opiion filed April 4, 1931.

428

R. LEE BARTELS, for complainant, appellee.

SIVLEY, EVANS & MCCADDEN and W. A. PERCY, for defendant, appellant.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

Suit to recover $397.46 on account of default of complainant's agent, who was bonded by defendant.

The only question is whether the one-year limitation in the policy bars a recovery. That provision is as follows:

"Any suit to recover on account of loss hereunder shall be brought before the expiration of twelve months from the discovery as aforesaid of the default causing such loss."

The policy further provides that (1) notice of default must be given within ten days; (2) itemized proof of loss must be filed within ninety days after discovery of default; and (3) after filing proof of loss insurer is to have ninety days within which to pay. Notice of default, which was within ten days of its discovery, was given on May 26, 1928. Defendant requested complainant to check the account of its agent and fill out and return proof of loss "when the amount of the shortage is definitely established." This was done on December 10, 1929. After that date defendant denied liability. The bill herein was filed on July 3, 1929.

The court of appeals was correct, in holding that the action was not barred. The weight of authority seems to favor the rule that the limitation begins to run from the time the right of action accrues, the reason being that the parties cannot be presumed to have suspended the remedy and provided for the running of the period of limitation at the same time, but that the intention of the parties to such a policy is that the insured shall have the full length of time specified in the policy in which to commence his action, and that the period during which an action cannot be commenced is no part of the period of limitation.

Under the title "Insurance," in 14 Ruling Case Law, 1419, it is said:

"There is a sharp conflict in the cases on the question when the time begins to run within which a suit is required to be brought under the usual policy provisions. It is usually provided that the insurer shall have a certain time within which to pay the loss, postponing the time of payment, and that no action shall be sustained unless commenced within a certain time. Whatever may be the term employed in the latter provision, whether it be within a certain time 'after loss,' 'after the fire,' or 'after death,' many courts hold that the provision for immunity from suit and the one of limitation must be construed together and that the period of limitation does not begin to run until the loss is payable and an action might be brought against the insurer. Other courts hold that the provision limiting the time of suit must be given effect and that the time begins to run at the time the loss actually occurs."

Many of the authorities are collected in the notes to the foregoing text. The majority rule is approved by Cooley

in his Briefs on Insurance, vol. 7, pp. 6820-21, and Couch on Insurance, vol. 7, pp. 5714-15. This court is committed to the majority rule. In *Insurance Cos.* v. *Scales*, 101 Tenn., 628, 641, it was said: "The limitation begins to be effective from the time the right of action accrues, notwithstanding the expression 'after the fire.'"

The question under consideration was directly involved in that case, hence the statement quoted above was not *dictum*. This court has applied the rule in several unreported cases, and we do not feel justified in adopting a different rule at this time.

Writ denied.