## CONTINENTAL INS. CO. OF CITY OF NEW YORK v. FIRE ASS'N OF PHILADELPHIA.

### No. 10016.

Circuit Court of Appeals, Sixth Circuit.

Nov. 26, 1945.

Paul H. Heineke, of Chicago, Ill. (Thompson, Hine, & Flory and Thomas E. Lipscomb, all of Cleveland, Ohio, and Paul H. Heineke, of Chicago, Ill., on the brief), for appellant.

James V. Suhr, of Cleveland, Ohio (Kitchen & Messner, F. A. Messner, and James V. Suhr, all of Cleveland, Ohio, on the brief), for appellee.

Before SIMONS and ALLEN, Circuit Judges, and RAYMOND, District Judge.

RAYMOND, District Judge.

This is an appeal from an order of the United States District Court for the Northern District of Ohio granting defendant's motion to dismiss the complaint upon the grounds that it fails to state a claim against the defendant upon which the relief prayed could be granted.

█ The complaint, which, for the purposes of the motion, must be accepted as true, alleges in substance that prior to December 23, 1941, the Rotor Tool Company (hereinafter referred to as "Rotor") delivered to the Wellman Bronze and Aluminum Company (hereinafter referred to as "Wellman") certain patterns and core boxes, to be used by Wellman in the manufacture of merchandise for Rotor; that on April 15, 1941, plaintiff issued to Rotor an insurance policy insuring it against loss by fire on patterns, drawings, jigs and dies, their own, or for which they are liable, all while located within the United States or Canada, but excluding their main place of business in Cleveland, Ohio. The policy contained the provision that if any specific property included in the terms of the policy be insured otherwise, "this policy shall not extend to cover the same excepting only as far as refers to any excess of value beyond the amount of such specific insurance or insurances, and shall not be liable for any loss unless the amount of such loss shall exceed the amount of such other insurance or insurances, which said excess only is declared to be under the protection of this policy."

The complaint further alleges that on November 6, 1941, defendant issued its policy to Wellman in the sum of $50,000, covering the property of others, held in trust or on consignment, or for which assured may be legally liable only while contained in the premises of the assured.

The complaint further alleges that on December 23, 1941, certain patterns and core boxes, the property of Rotor, of the value of $5345.64, while in the possession

of Wellman, were destroyed by fire; that plaintiff has loaned to Rotor $5000, in accordance with a loan receipt whereby Rotor assigned any claim it had under the policy issued by defendant to Wellman.

The complaint further alleges that after the fire, Wellman informed Rotor that it was presenting claim under the policy issued to it by defendant, for the value of the property of Rotor which was in its possession and which was destroyed by fire, and which was of the value of $5345.64; that at that time Wellman was of opinion that the value of the property was but $1968.87; that upon receipt of information that Wellman intended to file claim for the latter amount, it (Wellman) was advised that the correct amount of the claim for which it should make claim was $5345.65.

The complaint then alleges:

"* * * that thereupon and from time to time until after the 23rd day of December, 1942, negotiations were carried on between the adjusters for the Fire Association of Philadelphia and the representatives of the Wellman Bronze and Aluminum Company and of the Rotor Tool Company in an endeavor to arrive at an amicable disposition of this matter. Wherefore this plaintiff says that the provision in the policy of the defendant, Fire Association of Philadelphia, requiring suit to be brought within 12 months next after the calendar date of the happening of the physical loss or damage was waived and the defendant is estopped to set up the defense of the limitation in its said policy."

The complaint further alleges that on May 24, 1943, defendant advised Rotor and plaintiff that defendant's policy to Wellman for the benefit of Rotor was a liability insurance policy and did not insure against loss and destruction of property and that defendant refused to pay the loss for that reason, and that defendant has denied its liability under its policy, for the reason only that its policy is a liability policy and not a policy of insurance indemnifying against loss by fire; that the defendant has waived compliance with the provisions of its policy and that therefore defendant is indebted to plaintiff in the sum of $5000.

Defendant's motion to dismiss is based upon the allegations that plaintiff is not the real party in interest, and that the complaint fails to state a claim against defendant upon which relief can be granted. The District Judge dismissed the complaint upon the second ground.

We think the District Judge was right in holding that mere negotiations in an endeavor to arrive at an amicable disposition of a controversy are insufficient basis for application of the doctrine of waiver or estoppel. It is noteworthy that there are in the complaint no allegations of promises to pay, concealment, bad faith, fraud, misrepresentation or other facts which might be construed as an attempt to mislead plaintiff's assignor or to lull it into a sense of security, or into the belief that payment of any amount would be made by defendant. There is no allegation, direct or inferential, of intention by plaintiff's assignor to commence suit within the period limited by the policy and of its being turned from that course of action by misleading acts or promises by the defendant. No facts are alleged from which an inference might be drawn that the postponement of suit was at the express or implied request of the defendant, or that there was an intentional delay in adjustment until after the limitation period provided in the policy had passed. The failure of plaintiff to make such allegations is convincing that no facts could be established which would permit such deduction, and that the delay was solely the result of endeavors to arrive at an amicable adjustment. This belief is further substantiated by the fact that after absolute denial of liability by defendant on May 24, 1943, as alleged in paragraph 10 of the complaint, plaintiff's assignor, Rotor, failed to commence suit but instead thereof, on December 16, 1943, assigned its claim against defendant to plaintiff. The present action was commenced by plaintiff on December 22, 1943, within a few days after that assignment. This was nearly seven months after absolute denial of liability by defendant, and lacked only one day of two years after the happening of the loss.

The principles upon which the doctrines of waiver and estoppel are based have been fully discussed by this court. See Reynolds v. Detroit Fidelity & Surety Co., 6 Cir., 19 F.2d 110; Grand Trunk Western R. Co. v. H. W. Nelson Co., 6 Cir., 116 F.2d 823, 836; Hartford Fire Ins. Co. v. Nance, 6 Cir., 12 F.2d 575, 576, 579; (see also, Coen v. American Surety Co. of New York, 8 Cir., 120 F.2d 393; Texas Co. v. Chicago & A. R. Co., 7 Cir., 126 F.2d 83,

90; Grouf v. State National Bank, 8 Cir., 40 F.2d 2, 7; 130 A.L.R. 8).

Application of these principles results in the conclusion that the District Judge was correct in holding that mere negotiations for settlement do not effect a waiver or work an estoppel, and that the complaint should be dismissed for that reason.

The judgment of the district court is affirmed.