**Dr. Salil K. DAS and Anju Das, Plaintiffs-Appellants,**

v.

**STATE FARM FIRE AND CASUALTY COMPANY, Defendant-Appellee,**

v.

**JONES BROS., INC., Third-Party-Defendant.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

April 2, 1986.

Application for Permission to Appeal to the Supreme Court Denied by Supreme Court June 16, 1986.

E. Clifton Knowles, Bass, Berry & Sims, Nashville, for plaintiffs-appellants.

J. Russell Heldman, Hollins, Wagster & Yarbrough, P.C., Nashville, for defendant-appellee.

William D. Leader, Jr., Watkins, McGugin, McNeilly & Rowan, Nashville, for third-party-defendant.

## OPINION

TODD, Presiding Judge, Middle Section.

Plaintiffs, Salil K. Das and Anju Das, have appealed from a summary judgment dismissing their suit against the defendant, State Farm Fire and Casualty Company to recover for blasting damage to their home as provided by a policy of insurance issued to plaintiffs by defendant. The same judgment dismissed the third party complaint of State Farm against Jones Brothers, the alleged perpetrators of the blasting damage.

The judgment of dismissal states:

In finding that defendant is entitled to judgment in its favor as a matter of law, the Court finds that plaintiffs failed to comply with and breached each and every (sic) of the following conditions contained within the subject insurance policy:

1. Section 1, Condition 2.a., which requires plaintiffs to give immediate notice to defendant in case of a loss to which the insurance may apply;

2. Section 1, Condition 2.b., which requires plaintiffs to protect the property from further damage or loss, to make reasonable and necessary repairs re-

quired to protect the property, and to keep an accurate record of repair expenditures;

3. Section 1, Condition 2.d.(2), which requires the plaintiffs to provide defendant with records and documents requested as often as reasonably required and also to permit defendant to make copies of the same as often as reasonably required;

4. Section 1, Condition 2.e., which requires the plaintiffs to submit to defendant within sixty (60) days after the occurrence a signed, sworn proof of loss setting forth to the best of plaintiffs' knowledge and belief: (1) the time and cause of loss, and (5) specifications of any damage (sic) building and detailed estimates for repair of the damage; and

5. Section 1, Condition 8, which states that no action shall be brought unless there has been compliance with the policy provisions and the action is started within one (1) year after the occurrence causing loss or damage.

The Court is of the opinion that Defendant's Motion to Strike Plaintiffs' Response to the extent that it raises the issues of mistake, estoppel or waiver and Defendant's Motion to Strike certain statements made in plaintiffs' affidavits are well taken and should be granted. The Court further finds that there is no genuine issue of material fact pertaining to the issues of mistake, estoppel or waiver raised by plaintiffs in their response which would make summary judgment in favor of defendant inappropriate.

Defendant issued to plaintiffs a "Homeowners" policy of insurance for the period, July 21, 1982, to July 21, 1983. During said period, certain blasting was conducted by Jones Bros., Inc., in the vicinity of the insured premises.

The evidence most favorable to plaintiff shows: During March, 1983, plaintiffs discovered a large crack which appeared in a wall of the basement of plaintiffs' house. In April, 1983, plaintiffs notified defendant's agent of the damage and inquired as to how to proceed. Defendant's agent advised plaintiffs to present their claim to the blasters. When informed that the blasters denied liability, the agent stated that defendant would "investigate the damage". The agent never requested a "proof of loss" or advised plaintiffs to do anything except seek damages from the blasters.

An employee of defendant took a recorded statement from Mrs. Das wherein she inadvertently stated that the damage was first noticed in February, 1983.

Defendant employed an engineer to investigate the damage. He reported that it was not caused by blasting. On August 12, 1983, defendant wrote plaintiffs in pertinent part as follows:

I regret to tell you that from our investigation, it is the consensus that none of the claim damages have been caused by blasting.

. . . .

The engineer's report indicate (sic) the following ...

. . . .

In conclusion, the report suggest (sic) that the damage is caused by settlement or by surface water. Neither of these perils are (sic) covered under your policy.

Another engineer employed by plaintiffs reported that the damage was caused by blasting.

On August 30, 1983, plaintiffs consulted counsel who notified defendant of his representation of plaintiffs in regard to their claim. Defendant responded on Sept. 1, 1983, as follows:

This will confirm our conversation with you on September 1st. I explained, according to the findings of our engineer's report, I could not authorize payment for the blasting damage. I also agreed to provide you with a copy of this engineer's report. I am enclosing same with this letter.

Should I be able to assist further, please do not hesitate to call me.

Between Sept. 1 and October 27, plaintiffs counsel and defendant exchanged letters about engineers' reports and meetings with

engineers. On October 27, 1983, defendant offered to hire a third engineer if plaintiffs would pay his fee.

On October 27, 1983, plaintiffs' counsel notified defendant that plaintiffs would not pay a third engineer and that suit would be filed within two weeks.

On October 31, 1983, defendant wrote plaintiffs' counsel agreeing to hire a third engineer at its expense, requesting a proof of loss and relying upon various policy provisions, not including the requirement for suit within one year.

On November 29, 1983, plaintiffs' counsel sent to defendant a sworn proof of loss and estimate of repairs.

On December 21, 1983, defendant sent to plaintiffs the report of the third engineer that the damage was not caused by blasting and reiterated defendant's denial of liability.

On June 24, 1984, plaintiffs counsel again wrote defendant proposing a settlement and threatening suit within 10 days.

On July 3, 1984, defendant responded denying liability because the damage was not caused by blasting and therefore was not covered by the policy. No other policy provisions were mentioned in said letter.

As stated, this suit was filed on August 21, 1984. Paragraph 7 of the complaint asserted:

> Plaintiffs have complied with all their obligations under the "Homeowner's Policy," and have filed a claim with defendant for said damages, which damages are covered under the policy. Defendant has, however, wrongfully refused to pay plaintiffs for said damages.

The answer of defendant filed on October 19, 1984, denied the allegations of paragraph 7 of the complaint, quoted above, and denied that the damage was covered by the policy.

On March 6, 1985, defendant filed an amended answer again denying that plaintiffs had complied with all conditions of the policy and stating:

> As an affirmative defense, defendant denies that all conditions precedent to liability have been performed by plaintiffs in accordance with the terms of the contract of insurance attached as Exhibit 1 to plaintiffs' Complaint in that plaintiffs have failed to comply with the following policy provisions:
>
> (a) Section 1, Condition 2.a., requiring plaintiffs to give immediate notice to defendant in case of a loss covered by the policy;
>
> (b) Section 1, 2.b., requiring plaintiffs to protect the property from further damage or loss, to make reasonable and necessary repairs required to protect the property, and to keep an accurate record of repair expenditures;
>
> (c) Section 1, 2.d.(2), requiring plaintiffs to provide defendant with records and documents requested and permitting defendant to make copies of the same as often as reasonably required;
>
> (d) Section 1, 2.e., requiring plaintiffs to submit to defendant within sixty (60) days after the alleged occurrence, a signed, sworn proof of loss setting forth to the best of plaintiffs' knowledge and belief: (1) the time and cause of loss, and (5) specifications of any damaged building and detailed estimates for repair of the damage; and/or
>
> (e) Section 1, 8., requiring that no action shall be brought unless there has been compliance with the policy provisions and the action is started within one (1) year after the occurrence causing loss or damage.

On April 4, 1985, defendant filed its motion for summary judgment based upon failure of plaintiffs to conform to the policy conditions. As stated, the motion was sustained; and plaintiffs' suit was dismissed.

On appeal, plaintiffs' first issue is as follows:

> Whether defendant is estopped to assert any of the policy conditions upon which it has relied, or whether it has waived them.

The last of the five grounds of dismissal was the policy requirement:

"[N]o action shall be brought unless the action is started within one year after the occurrence causing the loss or damage."

Plaintiffs testified that the damage was discovered "late in March, 1983". Suit was filed August 21, 1984, more than one year later. On appeal plaintiffs argue that, during nine months of the year beginning in late March, 1983, defendant "was or should have been performing its own investigations in an attempt to determine whether it would pay plaintiffs' claim".

Plaintiffs cite *Phoenix Insurance Company v. Brown*, 53 Tenn.App. 240, 381 S.W.2d 573 (1964). In that case, the loss occurred on September 19, 1961. The insured promptly reported the fire and answered questions under oath. On October 1, 1961, the insured wrote the adjuster inquiring as to when the claim would be paid. The insurer did not respond for nearly six months, when, for the first time, the insurer denied liability. This Court said:

The limitation clause in the policy reads:

"No suit or action for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss."

The policy also provides:

"The amount of loss for which this Company may be liable shall be payable sixty days after proof of loss, as herein provided, is received by this Company and ascertainment of the loss is made either by agreement between the insured and this Company expressed in writing or by the filing with this Company of an award as herein provided."

■ We think there is applicable here the following statement in *Hill v. Home Ins. Co.*, 22 Tenn.App. 635, 641, 125 S.W.(2d) 189, 192:

"A provision limiting suit or action on the policy to 'twelve months next after the date of loss' means twelve months 'after the cause of action accrues'. *In-*

*surance Company v. Scales*, 101 Tenn. 628, 641, 49 S.W. 743, 747.

"The policy here in question contained provisions for notice and proof of loss to be furnished by the insured to the insurer within sixty days from the date of the loss, which, in effect, afforded the insurer immunity from suit for such period of sixty days, and thereby postponed the accrual of the cause of action accordingly. 14 R.C.L., page 1419, section 581.

"But defendant's absolute and unconditional denial of any liability on the policy, in its letter to complainant of date February 12, 1934, was a waiver by defendant of the provision of the policy which afforded it immunity from suit for sixty days after the loss, and complainant's right to sue accrued when liability was thus denied by defendant. *Insurance Company v. Hancock*, 106 Tenn. 513, 516, 62 S.W. 145, 52 L.R.A. 665."

■ As we have seen, defendant failed either to admit or deny liability until at least five months after the fire occurred. No formal proof of loss was ever demanded or furnished. Denial of liability terminated defendant's immunity from suit and on that date the right to sue accrued. *Hill v. Insurance Company*, supra. Until that time plaintiffs could not know whether proof would be demanded. Suit was brought well within twelve months thereafter.

. . . .

In addition to the foregoing, under the terms of the policy above copied, the Company had sixty days after "ascertainment of the loss" either by agreement or arbitration award filed with the Company within which to pay the loss. The loss was never so ascertained and it follows that the right of action did not accrue until the denial of liability by letter to Elsie Brown.

. . . .

In *Phoenix Ins. Co. v. Fidelity & Deposit Insurance Company*, 162 Tenn. 427, 37 S.W.(2d) 119, the Court followed what it termed the majority rule that a policy provision limiting the time for

bringing suit must be construed along with a provision for immunity from suit and said: "The limitation begins to be effective from the time the right of action accrues, notwithstanding the expression 'after the fire.'"

Under the authorities cited we think the court correctly held the suit not barred.... (at pp. 243–245, 381 S.W.2d 573)

The policy in the present case provides: Loss will be payable 60 days after we receive your proof of loss and:

   a.   reach agreement with you; or

   b.   there is an entry of final judgment; or

   c.   there is a filing of an appraisal award with us.

This provision of the policy is substantially the same as that referred to in the above quoted decisions which appear to be applicable to the present case. That is the claim did not ever become "payable" under the above provisions; and the right to sue accrued when the insurer denied liability.

There was a period of communication between plaintiffs and defendants from April, 1983 until August 12, 1983, when the above quoted letter of defendant notified plaintiffs that the insurer denied liability. More than one year elapsed from the denial on August 12, 1983, to the filing of suit on August 21, 1984. Under the holding of *Phoenix v. Brown,* this suit was barred by the lapse of one year and 9 days after the denial of liability by defendant.

Plaintiffs insist that the letter of their attorney renewing discussions as to engineering opinions and the continuance of such discussions tolled the running of the one year limitation during the period from their attorney's first letter on August 30, 1983, through December 21, 1983, the date of defendant's "final" denial of liability.

Plaintiffs cite *Continental Insurance Company v. Fire Association of Philadelphia,* (6th CCA 1945) 152 F.2d 239. In that case (arising in Ohio) the loss occurred on December 23, 1941, negotiations were carried on for more than a year before the insurer finally denied liability on May 24, 1943. Suit was not brought until December 22, 1943. The Court held that the one year policy limitation on time for suit was not avoided by waiver or estoppel and said:

We think the District Judge was right in holding that mere negotiations in an endeavor to arrive at an amicable disposition of a controversy are insufficient basis for application of the doctrine of waiver or estoppel. It is noteworthy that there are in the complaint no allegations of promises to pay, concealment, bad faith, fraud, misrepresentation or other facts which might be construed as an attempt to mislead plaintiff's assignor or to lull it into a sense of security, or into the belief that payment of any amount would be made by defendant. There is no allegation, direct or inferential, of intention by plaintiff's assignor to commence suit within the period limited by the policy and of its being turned from that course of action by misleading acts or promises by the defendant. No facts are alleged from which an inference might be drawn that the postponement of suit was at the express or implied request of the defendant, or that there was an intentional delay in adjustment until after the limitation period provided in the policy had passed. The failure of plaintiff to make such allegations is convincing that no facts could be established which would permit such deduction, and that the delay was solely the result of endeavors to arrive at an amicable adjustment.... (at p. 240)

In the present case there is no direct evidence that defendant requested a delay in suit or that plaintiffs were induced to delay their suit by the agreement of defendant to seek a third engineer's opinion at its own expense. It is, of course, inferrable that plaintiffs' counsel did delay suit awaiting the report of the third engineer. If such report had been delayed beyond August 12, 1984, that is, beyond the termination of one year from the denial of liability on August 12, 1983, then it

might be inferred that plaintiffs were induced to refrain from suit while waiting for the third engineer's report and a change of position by the defendant. Such, however, are not the facts in the present case. The report of the third engineer and defendant's reiterated denial of liability were transmitted to plaintiffs on December 21, 1983, seven months and twenty-two days before August 12, 1984, the expiration of 12 months from defendant's first denial of liability on August 12, 1984.

This record contains no circumstances to explain plaintiffs delay of exactly eight months from the denial of liability on December 21, 1983, to the filing of suit on August 21, 1984.

■ Plaintiffs conceive that, after a first denial of liability and a renewal of discussion of the merits of a claim, the one year limitation is waived until a second (or third or fourth) "final" denial of liability after which the insured has another full year beyond the last denial of liability within which to bring suit. No authority has been cited or found to support his insistence which, in the view of this Court, is unsound.

■ As stated above, a renewal of investigation and/or discussion after denial of liability may, under proper circumstances, justify the plaintiff in delaying suit, such delay may be permitted in keeping with the circumstances to avoid imposition and injustice. Such circumstances would not entitle the insured to an additional year for suit after the termination of the renewed investigation and/or discussion. In such a case, a reasonable opportunity to bring suit after the last denial is the most that the insured should expect or receive.

■ To allow a full year's renewal of the one year time limitation from the termination of renewed investigation or discussion would have a chilling effect upon such renewal. The most amiable and agreeable insurer would be most reluctant to renew investigation or discussion if the result would be a renewal of the entire year allowed for bringing suit. Plaintiffs seeking

a fair settlement after the first denial would probably find the insurer adamantly persisting in its first denial and refusing further discussion.

Under the circumstances of this case, this Court is satisfied that the dismissal of plaintiffs' suit was justified by their failure to sue within one year after the first denial of liability. This conclusion renders unnecessary a consideration of other grounds upon which the Trial Judge rested his decision or of the remaining issues which relate to said other grounds.

The judgment of the Trial Court is affirmed. Costs of this appeal are taxed against appellants. The cause is remanded for collection of costs and any other proceedings which may be necessary and proper.

Affirmed and remanded.

CANTRELL and KOCH, JJ., concur.