IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 01, 2014 Session

# LLOYD L. MEYERS v. FARMERS AID ASSOCIATION OF LOUDON COUNTY, TENNESSEE

**Appeal from the Circuit Court for Loudon County**
**No. 2013CV44      Russell E. Simmons, Jr., Judge**

---

**No. E2013-02585-COA-R9-CV-FILED-DECEMBER 9, 2014**

---

This is an interlocutory appeal from the denial of Appellant insurer's motion for summary judgment in an action on a homeowner's policy that contained a contractual one-year statute of limitations. The Appellee insured filed suit eighteen months after the loss occurred. In the trial court, the Appellant insurer moved for summary judgment, arguing that the one-year statute of limitations in the Appellee insured's policy was a bar to his action. The trial court agreed with the Appellee's interpretation of the policy provisions and denied the motion for summary judgment. This court granted the Appellant's application for interlocutory appeal. Following our review, we reverse the trial court's decision and remand the case for entry of summary judgment in favor of Appellant.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Circuit Court is Reversed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, J., and J. STEVEN STAFFORD, P.J., W.S., joined.

Christopher Dunn Heagerty, Knoxville, Tennessee, for the appellants, Farmers Aid Association of Loudon County, Tennessee

A. Wayne Henry, for the appellee, Lloyd L. Meyers

1

# OPINION

## I. Background

On or about Oct. 11, 2010, Lloyd L. Meyers ("Appellee") purchased a homeowner's insurance policy from Farmers Aid Association of Loudon County, Tennessee ("FAA," or "Appellant"). The policy insured Mr. Meyers's property at 2242 Davis Ferry Rd, Loudon, Tennessee. The following provisions of that policy are at issue in the instant appeal:

> **When loss payable.** The amount of loss for which the Company may be liable shall be payable sixty days after proof of loss, as herein provided, is received by this Company and ascertainment of the loss is made either by agreement between the insured and this Company expressed in writing or by the filing with this Company of an award as herein provided.
>
> * * *
>
> **Suit.** No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss.

On or about September 14, 2011, a fire destroyed Mr. Meyers's property. Mr. Meyers notified FAA of the loss, and FAA acknowledged the loss in a letter to Mr. Meyers dated September 14, 2011. Subsequently, on November 15, 2011, Mr. Meyers submitted a sworn proof of loss. FAA did not respond to his proof of loss and took no further action with respect to his claim.

On March 12, 2013, more than a year and a half after he filed his proof of loss, Mr. Meyers filed suit against FAA in the Circuit Court of Loudon County. In his complaint, in addition to his compensatory damages claim, Mr. Meyers sought bad faith damages and punitive damages against FAA under the Tennessee Consumer Protection Act. FAA answered the complaint on April 4, 2013 and on April 11, 2013 moved for summary judgment, asserting that Mr. Meyers's suit was barred by the contractual limitations period contained in the policy. The trial court denied the motion for summary judgment. In its memorandum opinion, the trial court reasoned that FAA's failure to ascertain the loss after Mr. Meyers filed his proof of loss tolled the contractual limitations period. Accordingly, the trial court held that Mr. Meyers's suit was not time barred. On October 3, 2013 FAA filed a motion to reconsider the denial of its motion for summary judgment, or in the alternative, a motion for interlocutory review.

The trial court denied the motion to reconsider but granted the motion for interlocutory appeal. This Court granted the interlocutory appeal on April 16, 2014.

## II. Issues

The sole issue certified to this Court by the trial court is:

If the insured files a proof of loss, as the insured did in the case *sub judice*, is the proof of loss sufficient to trigger the beginning of the immunity period, regardless of whether there has been "ascertainment of the loss" under the terms of the policy issued to the Plaintiff.

## III. Standard of Review

Interlocutory appeals are governed by Tennessee Rule of Appellate Procedure 9, which provides that "an appeal by permission may be taken from an interlocutory order of a trial court from which an appeal lies to the Supreme Court, Court of Appeals or Court of Criminal Appeals only upon application and in the discretion of the trial and appellate court." Tenn. R. App. P. 9(a). The party seeking an interlocutory appeal may, within thirty days after the entry of the interlocutory order complained of, file a motion with the trial court requesting permission to take an interlocutory appeal. *Id.* § 9(b). Should the trial court decide to grant the motion and set forth its reasons for doing so in a written opinion, this Court may, in its discretion, allow the appeal to proceed. *Id.*

The order appealed in this case denied Appellant's motion for summary judgment. Accordingly, we apply the standard of review applicable to summary judgment decisions. When a motion for summary judgment is made, the moving party has the burden of showing that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Tenn. R. Civ. P. 56.04. According to the Tennessee Legislature:

In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:

(1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or

3

(2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

Tenn. Code Ann. § 20-16-101 (effective on claims filed after July 1, 2011).

The instant appeal requires us to interpret and apply the provisions of an insurance contract. It is well settled that "[s]ummary judgment is a preferred vehicle for disposing of purely legal issues." *Campora v. Ford*, 124 S.W.3d 624, 628 (Tenn. Ct. App. 2003). "In general, courts should construe insurance policies in the same manner as any other contract." *Lancaster v. Ferrell Paving, Inc.*, 397 S.W.3d 606 (Tenn. Ct. App. 2011). Because the construction of a contract involves legal issues, contract cases are particularly suited to disposition by summary judgment. *Campora*, 124 S.W.3d at 628. A trial court's decision to grant a motion for summary judgment presents a question of law. Our review is therefore *de novo* with no presumption of correctness afforded to the trial court's determination. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). This Court must make a fresh determination that the requirements of Tenn. R. Civ. P. 56 have been satisfied. *Abshure v. Methodist Healthcare-Memphis Hosps.*, 325 S.W.3d 98, 103 (Tenn. 2010).

## IV. Analysis

Tennessee has long held that an insurance policy provision establishing an agreed limitations period within which suit may be filed against the company is valid and enforceable. *Guthrie v. Conn. Indem. Ass'n,* 49 S.W. 829, 830 (Tenn. 1899); *Hill v. Home Ins. Co.,* 125 S.W.2d 189, 192 (Tenn. Ct. App. 1938). Our courts have generally held that a contractual limitations period begins to run upon accrual of the cause of action. *Phoenix Ins. Co. v. Fidelity & Deposit Co.,* 162 Tenn. 427, 37 S.W.2d 119 (1931). "We have interpreted insurance policies containing language requiring a claim to be brought within so many days after a property loss, but which protect the insurer from suit until after a settlement period, as meaning that suit must be brought within so many days after the cause of action accrues." *Certain Underwriter's at Lloyd's of London v. Transcarriers Inc.*, 107 S.W.3d 496, 499 (Tenn. Ct. App. 2002) (citing *Boston Marine Ins. Co. v. Scales,* 49 S.W. 743, 747 (Tenn. 1898)). Because the settlement period provides a period of immunity, during which the insured may not bring suit, the cause of action has been construed as accruing once the immunity period has expired, rather than on the date of the actual loss. *Id.* Denial of the claim by the insurer before expiration of the settlement of loss period, however, is an effective waiver of the immunity period. *Home Ins. Co. v. Hancock,* 62 S.W. 145 (Tenn. 1900). Thus, an insurer cannot raise the immunity period as a defense to a suit brought within that period once it has denied the claim. *Hill,* 125 S.W.2d at 192. Therefore, an insured's cause of action accrues upon denial of liability by the insurance company when that denial comes within the

immunity period. *Id.* "It follows that if the insured's claim is not denied within the settlement of loss period, during which the insurer is immune from suit, [the] cause of action accrues upon expiration of the settlement of loss period, when the insurer is no longer immune from suit." *Certain Underwriter's*, 107 S.W.3d at 499.

On the motion for summary judgment, Appellee argued that *Phoenix Insurance Company v. Brown*, 381 S.W.2d 573 (Tenn. Ct. App. 1964) should control. Appellant, on the other hand, argued that *Certain Underwriter's* mandated a grant of summary judgment in its favor. In denying summary judgment, the trial court determined that *Phoenix* controlled, specifically holding that *Certain Underwriter's* "is not applicable because the settlement of loss section [in *Certain Underwriter's* did] not impose this requirement that there be an 'ascertainment of loss' as required by the Farmers Aid policy." The trial court went on to note that, based on the *Phoenix* case, Mr. Meyers's "right of action has not accrued under the policy terms." The trial court reasoned that "in this lawsuit [Mr. Meyers] complied with the policy by furnishing the required proof of loss. To then allow insurer to draft the terms of its policy which [Mr. Meyers] cannot negotiate in such a way that it can lay back and do nothing is not just."

In *Phoenix*, the insured notified the insurance company of his loss and was interviewed under oath by an adjuster, but he never submitted a formal proof of loss. *Id.* at 574. The insurance company never demanded proof of loss, nor did it deny the insured's claim until roughly six months after the insured property was destroyed. *Id.* The *Phoenix* Court reasoned that because no formal proof of loss was submitted after the insurance company was notified, the plaintiff could not have known whether proof of loss would be demanded until the claim was denied. *Id.* at 575. Thus, the *Phoenix* Court concluded that the insured's right of action did not accrue until the denial was made *Id.*

Although the contractual language of the insurance policy in *Phoenix* is nearly identical to the language of the policy in the instant case, the facts are readily distinguishable. In *Phoenix*, the insured never submitted a formal proof of loss. Here, however, Mr. Meyers submitted a sworn proof of loss. The trial court's reliance on *Phoenix* is also misplaced because *Phoenix* did not turn on the contractual language, but rather the fact that the insured failed to submit a proof of loss. Because the holding in *Phoenix* rested on the insured's failure to submit a formal proof of loss, that case is inapplicable to the instant case, and the trial court erred in relying upon *Phoenix*.

The policy at issue in ***Certain Underwriter's*** contained the following provision, in relevant part:

> SETTLEMENT OF LOSS. All adjusted claims shall be paid or made good to the Insured within sixty (60) days after presentation and acceptance of satisfactory proof of interest and loss at the office of the Company. No loss shall be paid or made good if the Insured has collected the same from others.

107 S.W.3d at 498.

Although the policy language in ***Certain Underwriter's*** varies somewhat from our case, the facts are nearly identical. 107 S.W.3d at 498. In ***Certain Underwriter's***, the insurer filed for declaratory judgment to determine its liability where a year had elapsed since the insured tendered his proof of loss. ***Id.*** The insurer argued that the contractual limitation period had run. ***Id.*** The insured argued that the insurer needed to deny the claim before the insured could bring suit on the policy. ***Id.*** This Court held in ***Certain Underwriter's*** in favor of the insurance company, concluding that "the contractual statute of limitations begins to run upon denial of liability or upon expiration of the immunity period, whichever comes first." ***Id.*** at 500. Because the contract at issue in ***Certain Underwriter's*** did not include the ascertainment of loss language, the trial court rejected ***Certain Underwriter's*** as controlling in this case.

Neither ***Phoenix*** nor ***Certain Underwriter's*** is directly on point. Appellants, however, have proposed that ***Burton v. Nationwide Insurance Co.***, No. 1:07-CV-129, 2007 WL 3309076 (E.D. Tenn. Nov. 6, 2007) should guide our decision in this case. ***Burton*** presents both similar facts and substantively similar contractual language. In ***Burton***, the insured filed a proof of loss. ***Id.*** at *1. The contractual language in that case required that proof of loss be submitted and created a one-year contractual limitation within which suit could be brought against the insurance company. ***Id.*** at *2. The ***Burton*** contract also included a sixty-day settlement period with the following language:

> Payment will be made within 60 days after we review your proof of loss and:
>
> (1)       reach agreement with you; or
> (2)       there is an entry of final judgment; or
> (3)       there is a filing of an appraisal award with us.

***Id.*** The ***Burton*** Court determined that the sixty-day settlement period began to run upon submission of a proof of loss, and not when the insurer ascertained the loss. The ***Burton*** Court explained that:

6

> Plaintiff's interpretation of the law would allow an insurer to receive a proof of loss, and then refrain from granting or denying the claim indefinitely. As a result, the insured's cause of action would never accrue under the policy because there was neither a denial, nor alternatively an agreement, final judgment, or appraisal award which would have started the sixty day period. Tennessee law has not created such an absurdity. *See Brick,* 140 S.W.3d at 330 ("To require denial of a claim before a cause [of] action could accrue would permit the insurer to merely sit on a claim and do nothing."). Instead, the insured are given two options: wait until the insurer denies the claim, or file a proof of loss, thus forcing the insurer to make a decision within the contracted-for period, i.e. sixty days. If the insurer fails to make such a determination within that period, the insured has a right to sue. *See, e.g., Brick,* 140 S.W.3d at 330; *Lloyd's,* 107 S.W.3d at 499-500; *Hill,* 125 S.W.2d at 192.

*Burton v. Nationwide Ins. Co.*, No. 1:07-CV-129, 2007 WL 3309076, at *3 n. 2 (E.D. Tenn. Nov. 6, 2007) (internal citations omitted).

We agree with the reasoning of the District Court in *Burton*, and apply it to the instant case. Although the policy language in *Burton* and the instant case are not identical, both policies require action by both the insured and the insurer before the settlement period begins. The insured has to submit a proof of loss and the insurer has 60 days to ascertain the loss after the proof of loss has been provided. As pointed out by the *Burton* Court, to construe the policy before us to allow the insurance company to create a contract whereby it may remain immune from suit by its own inaction (after receipt of the proof of loss) would constitute an absurd result. To avoid such a result, we hold that, under the language of this contract, the insured's cause of action accrued sixty days after he submitted his proof of loss. We also note that this Court has previously held that a cause of action accrues when the immunity period expires. *See Gagne v. State Farm Fire and Cas. Co.*, No. E2011-01117-COA-R3-CV, 2012 WL 691621 (Tenn. Ct. App. March 5, 2012).

In this case, the record shows that after Mr. Meyers submitted his proof of loss, the parties did not communicate again until Mr. Meyers filed suit. Of course, any right of payment under the policy inured to Mr. Meyers's benefit, and it was his burden to protect those rights. Indeed, it was incumbent upon Mr. Meyers to follow up with FAA after he submitted his proof of loss. While we may find some measure of fault in FAA's inaction, it was Mr. Meyers who waited more than a year before taking any action to secure payment of his insurance claim.

For the foregoing reasons, we hold that the trial court erred as a matter of law when it denied Appellant's motion for summary judgment. Under the terms of the insurance policy here, the settlement period began when Mr. Meyers submitted his proof of loss. In that FAA never denied his claim, Mr. Meyers's cause of action accrued when the settlement period or

immunity period ended on January 14, 2012, sixty days after he filed his November 15, 2011 proof of loss.  As such, the one-year contractual statute of limitations had already expired when Mr. Meyers filed his suit on March 12, 2013.

## V. Conclusion

We reverse the trial court's order denying summary judgment.  We remand for entry of an order granting summary judgment in favor of Appellant and for such further proceedings as may be necessary and are consistent with this opinion.  Costs of this appeal are assessed to the Appellee, Lloyd L. Meyers, for which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE