BANKS v. BANKS.—77 S. W. (2d) 74.

Middle Section. August 30, 1934.

Petition for Certiorari denied by Supreme Court, December 14, 1934.

348

Jack Norman and H. W. Burch, both of Nashville, for petitioner, Maggie Banks.

John M. Cate, of Nashville, for defendant, George Banks.

CROWNOVER, J. This case should be styled Maggie Banks v. George Banks, as she filed the petition.

This is a suit for absolute divorce and alimony on the grounds of cruel and inhuman treatment, abandonment and failure to provide, indignities to plaintiff's person, and adultery. Defendant by way of answer denied all allegations contained in plaintiff's petition, and pleaded res adjudicata. The case was tried on parol evidence, and the court held that the defendant had abandoned her, and turned her out of doors, and had refused to provide for petitioner, and had committed adultery, subsequent to July 19, 1932; petitioner had not condoned same, nor had given defendant just excuse for said misconduct. The petitioner was decreed an absolute divorce, and petitioner and defendant were decreed to be tenants in common of the house and lot located at No. 1259 First Avenue South, in the city of Nashville, Davidson county, Tenn., alleged to have been acquired by their joint efforts. The defendant thereupon filed a motion for a new trial, which was overruled; and defendant appealed to this court and has assigned errors, which are, in substance that the court erred in refusing to grant a new trial because there was no evidence to support the decree, and the evidence preponderated in favor of the defendant, and the court erred in failing to sustain defendant's plea of res adjudicata to the petition.

The facts developed in evidence are as follows: The petitioner and the defendant were married on May 8, 1919, and lived for about two years on Fourth avenue in Nashville, and they saved enough money to buy materials whereby the present residence of defendant was built. The building was done mainly by defend-

ant's actual physical labor with assistance from petitioner who took in washing, collected garbage, etc. On February 21, 1931, petitioner and defendant separated, the former going to Los Angeles, Cal., for a brief stay, and who returned to answer a bill for divorce filed by the present defendant on May 18, 1932, in the same court from which the present appeal has been taken. Petitioner filed therein her answer and a cross-bill seeking an absolute divorce and alimony upon essentially the same grounds as are relied upon in the present case. On July 19, 1932, the court dismissed the original bill and cross-bill.

On July 26, 1932, petitioner filed a bill in part 1 of the chancery court of Davidson county on essentially the same grounds as in her cross-bill in the circuit court; defendant defended by demurrer and plea of res adjudicata. Petitioner took a nonsuit at the hearing, and the cause was dismissed without prejudice.

Petitioner, on the 25th day of April, 1933, filed the present petition for a divorce on the grounds above stated, which was answered by defendant, who denied the charges and pleaded res adjudicata.

The assignments of error are overruled for the reasons that the evidence preponderates in favor of the judgment and the plea of res adjudicata was not well taken.

██ Since July 19, 1932, the date of the final decree dismissing the original suit, petitioner has not received any support from defendant, and she has resided with her sister and accepted the latter's hospitality, it being stipulated that defendant has not provided for petitioner since July 19, 1932.

Petitioner testified that she saw, subsequent to July 19, 1932, defendant and one Almeda Paul, a woman who has admittedly been living in defendant's house since their separation in the capacity of housekeeper and cook, undress and get in the same bed with defendant. Petitioner's sister testified to the same occurrence, only on a different occasion since July 19, 1932. Another witness testified that petitioner and his housekeeper are often in the same room together at night. Others testified that they are continually in each other's company on outings, picnics, at church, and that they sit on the defendant's porch and embrace each other.

Defendant denied all charges of adultery with his housekeeper, and testified that she lived in an entirely separate part of the house, doing the cooking for himself and his son, for which she received a weekly compensation. Defendant's grown son who has lived with the former since his separation testified to practically the same thing, although it is not clear whether he is at home every night. Several character witnesses were introduced in behalf of the defendant, George Banks, two affirming and one uncertain of his honesty, and the credit to be given his testimony. Almeda Paul did not testify, though available.

The plea of res adjudicata was not well made because the acts complained of occurred after the other suit was dismissed.

"A decree in a divorce suit is conclusive upon the parties as to all the facts in issue and actually determined, or which might have been presented and determined, but not as to matters not in issue, although a decree has been held to be conclusive against defendant on a question not expressly in issue under the pleadings, if defendant considered the question in issue." 19 C. J., 178, section 442.

"The dismissal of the complaint is not a bar to a subsequent suit based on acts occurring subsequent to the dismissal, and where an action for divorce for desertion is dismissed, in a subsequent action brought on the same ground, in which libelant's good faith is put in issue, the doctrine of res judicata does not exclude evidence of the same character as that in the first trial directed solely to such issue." 19 C. J., 177, 178, section 439.

"And obviously a decree denying a divorce is not a bar to a second action based upon grounds which were not available in the first action because not then matured or based on subsequent misconduct." 2 Freeman on Judgments (5 Ed. 1907), section 907.

Plaintiff, in an action based on adultery, may, after judgment for defendant, bring a second action for subsequent acts of adultery with the person with whom defendant is charged with adultery in the first action. Cordier v. Cordier, 26 How. Prac. (N. Y.), 187.

Where the ground alleged was the husband's willful neglect to provide necessaries, the dismissal of the bill does not bar a subsequent action based on the continued neglect of the husband to support his wife after the dismissal. Wagner v. Wagner, 104 Cal., 293, 37 P., 935.

A decree denying a divorce for adultery does not bar a suit for cruelty subsequently occurring. Torlotting v. Torlotting, 97 Mo. App., 183, 70 S. W., 941.

"The estoppel of a judgment extends only to the facts in issue as they existed at the time the judgment was rendered, and does not prevent a re-examination of the same question between the same parties where in the interval the facts have changed or new facts have occurred which may alter the legal rights or relations of the litigants." 34 C. J., 905, section 1313.

"The rule is that a party will not be prejudiced by a judgment as to rights not then accrued. In the language of Mr. Freeman in volume 1, section 329, of his work on Judgments: 'Under no circumstances will a judgment or decree take effect upon rights not then existing.'" Gore v. Gore, 101 Tenn., 622, 49 S. W., 737, 738.

"The estoppel of a judgment extends only to the facts and conditions as they were at the time the judgment was rendered, and to the legal rights and relations of the parties as fixed by the facts so determined; and when new facts or conditions intervene before

the second suit, furnishing a new basis for the claims and defenses of the parties respectively, the issues are no longer the same, and hence the former judgment cannot be pleaded in bar in the subsequent action." 34 C. J., 808, section 1228.

■ Under the circumstances the alimony granted does not appear to be excessive; and the judge of the circuit court has not improperly exercised his discretion in granting it.

"The Supreme Court will not interfere with the discretion vested in the circuit courts, in allowing alimony upon the granting of a divorce, where the bill discloses good ground therefor, unless there be a bill of exceptions, manifestly showing an improper exercise of such discretion." Sowder v. Sowder, 5 Sneed (37 Tenn.), 502.

It results that all the assignments of errors are overruled, and the judgment of the lower court must be affirmed. A judgment will be entered in this court decreeing Maggie Banks an absolute divorce from defendant. Petitioner, Maggie Banks, is decreed a half interest in the house and lot, thus making petitioner and defendant tenants in common of the house and lot described in the petition, and a judgment will also be entered against the defendant for the cost of the cause in the lower court, including attorneys' fees for petitioner's attorneys, which is declared to be a lien on George Banks' half interest in the house and lot. The defendant and the sureties on his appeal bond will pay the cost of the appeal.

Faw, P. J., and DeWitt, J., concur.