Debra K. WHITE, et al., Plaintiffs,

v.

Robert D. WHITE, et al., Defendants,

Including First American National Bank, Defendant–Appellant,

and

Equitable Life Assurance Society of the United States, Defendant–Appellee.

Supreme Court of Tennessee, at Knoxville.

May 2, 1994.

---

R. Thomas Stinnett, Eric J. Morrison, Stone & Hinds, P.C., Knoxville, for defendant-appellant.

Robert M. Bailey, Michael W. Ewell, Frantz, McConnell & Seymour, Knoxville, for defendant-appellee.

## OPINION

REID, Chief Justice.

This case presents for review the dismissal on motion for summary judgment of a suit for death benefits under a life insurance policy. The trial court sustained the insurer's pleas of limitation of action and *res judicata*. The Court of Appeals affirmed the dismissal on the plea of *res judicata*, and pretermitted consideration of the limitation of action defense. The judgment of dismissal is affirmed, though on a different ground.

### Facts

On January 14, 1983, the Equitable Life Assurance Society of the United States (Equitable) issued a term life insurance policy on the life of Robert D. White in the face amount of $250,000. The policy subsequently was assigned to First American National Bank's (First American's) predecessor in interest as security for a loan.

On March 9, 1984, Debra K. White, the wife of the insured, gave Equitable written notice that the insured had disappeared.

On May 8, 1984, Debra K. White filed a suit seeking a declaratory judgment and the appointment of a receiver. Equitable, First American, and other entities that Debra White and the insured were indebted to, were named as defendants. That complaint alleged that the insured disappeared on January 27, 1984, while on a business trip to Louisiana; the vehicle that he was driving was found in a bayou in water 30 feet deep; the bayou was inhabited by alligators; the insured could not swim; and the temperature on the night he disappeared reached 28° Fahrenheit. The plaintiff prayed for an adjudication that the insured was dead, and for certification of his death to the Probate Court for the administration of his estate. The complaint also alleged that the insured was the owner of certain personal and real property, he owed various debts and obligations, and his wife did not have sufficient resources for the support of herself and her minor children. The suit sought the appointment of a receiver for the administration of the insured's affairs pursuant to The Uniform Absence as Evidence of Death and Absentees' Property Law Act (Uniform Absence Act), T.C.A. § 30–1801 *et seq.* (1977) (now T.C.A. §§ 30–3–101, –114 (1984 & Supp. 1993)).

The case was submitted to a jury on the special interrogatory, "Is Robert D. White dead?", to which the jury responded, "The evidence does not establish by a preponderance that Robert D. White is dead." Judgment was entered for "the defendants," however, the receiver who had been appointed was retained pursuant to "the provisions of T.C.A. § 30–3–101 *et seq.* until further order of the court." There was no appeal from the judgment of the trial court.

On November 20, 1990, Debra K. White filed the present suit against the same parties who had been defendants in the first suit requesting essentially the same relief. The allegations relied upon to establish the right to recover in the present case are almost identical to those set forth in the former suit. The complaint in this case repeats the circumstances of the insured's disappearance, refers to the previous suit in which the jury found "the evidence does not establish by a preponderance that Robert D. White is dead," and states further,

In the five (5) years which have elapsed since the jury's findings there has been no change of facts or circumstances, other than the passage of time, respecting [Robert] Dillon White.

There was no allegation in the complaint, which was filed six years, nine months, and twenty-four days after the insured's alleged disappearance, asserting the insured's absence for seven years as a basis for relief, nor was the complaint amended prior to dismissal by the trial court. The pleadings show that the policy lapsed on January 4, 1986.

On January 18, 1991, which, according to the allegations of the complaint, was nine days before the insured had been absent for seven years, Equitable filed its response to the complaint, asserting the defenses of limitation of action, *res judicata* and failure to state a cause of action.

First American filed a cross-claim against Equitable adopting the allegations of the complaint regarding the alleged death of the insured, and claiming the proceeds of the policy for payment on the secured debt, to which Equitable responded with the same defenses. On cross-motions for summary judgment, the trial court sustained Equitable's affirmative defenses of limitation of action and *res judicata* and dismissed the suit.

The Court of Appeals found that the essentials of the plea of *res judicata* had been established and affirmed the dismissal of the suit on that ground alone. The plaintiff is not a party on the appeal; First American has assumed the role of plaintiff-appellant.

### Res Judicata

The appellant's position with regard to the holding that the issues presented in this suit are *res judicata* is not entirely clear. The Court of Appeals stated First American's position to be that:

It is entitled to rely on a common law presumption that after seven years absence the insured is presumed to be dead and that for this reason *res judicata* is not a bar to the subsequent action which could only utilize this presumption after a lapse of seven years from the disappearance.

This Court joins the Court of Appeals in rejecting the argument that the claimed "presumption of death" precludes the plea of *res judicata.*

In affirming the plea of *res judicata,* the Court of Appeals relied upon the statement of the rule in *Lee v. Hall,* 790 S.W.2d 293 (Tenn.Ct.App.1990), which is as follows:

In order to be successful, a party asserting a res judicata defense must demonstrate: (1) that the underlying judgment was rendered by a court of competent jurisdiction; (2) that the same parties were involved in both suits; (3) that the same cause of action was involved in both suits; and (4) that the underlying judgment was on the merits.

*Id.* at 294. This statement is consistent with prior decisions; however, a more complete statement of the rule includes the following: A judgment or decree is *res judicata* only as to the matters in issue; the adjudication, to be conclusive, should be upon the very point brought directly in issue by the pleadings; and a party will not be prejudiced by a judgment as to rights not then accrued. 22 Tennessee Jurisprudence, *Res Judicata,* ¶ 28

(1985). A further definition of the applicable legal principles is:

> "The estoppel of a judgment extends only to the facts in issue as they existed at the time the judgment was rendered, and does not prevent a re-examination of the same question between the same parties where in the interval the facts have changed or new facts have occurred which may alter the legal rights or relations of the litigants."

*Banks v. Banks,* 18 Tenn.App. 347, 77 S.W.2d 74, 76 (1934) (quoting 34 C.J. 905, § 1313).

■ The issue litigated at the first trial and the issue alleged in the present suit are not the same. The issue litigated in the first case was that set forth in the special interrogatory submitted to and answered by the jury—the evidence did not establish the death of the insured prior to the trial of the case on August 7, 1985. However, in the present case, the proof necessary for recovery is that the insured died prior to January 4, 1986, the date on which the policy lapsed. Since the finding by the jury regarding the alleged death of the insured in the first suit did not preclude a subsequent finding of death within the term of the policy, the judgment in the prior case would not bar the subsequent suit. If the proof in the case before the Court should show that the insured died prior to the date that the policy lapsed, barring other defenses concerning the terms of the policy, Equitable would be obligated to pay the benefits due under the policy.

> Where the matter, which gave rise to the plaintiff's cause of action sought to be declared, arose after the termination of a former suit in which a judgment was rendered and which judgment, it was sought, to interpose as res adjudicata, the defense of former judgment under these circumstances can not prevail.

2 Walter H. Anderson, *Actions for Declaratory Judgment,* § 460 (1951).

Additionally, as noted in *Banks v. Banks,* if the proof should show that "facts have changed or new facts have occurred" with regard to the insured's death, the principles of *res judicata* do not prevent the re-examination of that issue. 77 S.W.2d at 76.

The complaint alleges that "there has been no change of facts or circumstances, *other than the passage of time.*" (Emphasis added.) The passage of time in this situation may constitute new evidence concerning the death. The Uniform Absence Act abolished the common law doctrine that the death may be *presumed* from an unexplained absence for seven years; however, the statute is not limited to that issue. The relevant provisions of the Uniform Absence Act are:

> (a) Death is not to be presumed from mere absence. In any proceeding under this part where the death of a person and the date thereof, or either, is in issue, the fact that he has been absent from his place of residence, unheard of for seven (7) years, or for any other period, creates no presumption requiring the court or the jury to find that he is now deceased. The issue shall go to the court or jury as one of fact to be determined upon the evidence.

> (b) Exposure to specific peril shall be considered in every case. If during such absence the person has been exposed to a specific peril of death, this fact shall be considered by the court, or if there be a jury, shall be sufficient evidence for submission to the jury.

T.C.A. § 30–3–102(a), (b) (Supp.1993).

(a) No provisions concerning the effect to be given to evidence of absence or of death, in any policy of life or accident insurance or in the charter or bylaws of any mutual or fraternal insurance association executed or adopted after February 15, 1941, shall be valid.

(b)(1) When any such policy, charter or bylaws executed or adopted after February 15, 1941, contains a provision requiring a beneficiary to bring suit upon a claim of death within one (1) year or other period after the death of the insured, and *the fact of the absence of the insured is relied upon by the beneficiary as evidence of the death,* the action may be begun, notwithstanding such provision in the policy or charter or bylaws, at any time within the statutory period of limitation for actions on contracts in writing dating from the date of the

giving of written notice of such absence to the insurer, which notice shall be given within one (1) year from the date when the beneficiary last heard of the absent insured. If such notice is not given, then the statutory period runs from the time when the absent person was last heard of by the beneficiary. (Emphasis added).

T.C.A. § 30–3–103(a), (b)(1) (1984).

In *Armstrong v. Pilot Life Ins. Co.,* 656 S.W.2d 18 (Tenn.Ct.App.1983), the Court of Appeals, after finding that the Uniform Absence Act abolished the common law presumption of death based upon an absence of seven years, discussed the other parts of the Act, one addressing the disposition of the personal property of an absentee, and the other addressing insurance on the life of the missing person. The court found that the statute, as it read at that time,[1] permitted the rebuttable presumption of death for the purpose of distributing personal property and the proceeds from realty after the owner had been missing for seven years, but, with regard to life insurance, limited the effect of such an absence of the insured to *"mere evidence* of death." *Id.* at 27 (emphasis added.) The Court of Appeals found support for the latter conclusion in the caption of the act whereby the statute was enacted, "An Act providing for evidential effect of *absence as evidence of death." Id.* (emphasis added). Consequently, the absence of the insured, as well as other evidence relating to his disappearance and continued absence, may be considered by the jury in determining if the insured is dead.

The conclusion is that neither the issue to be decided, nor the evidence to be considered in this case, is the same as in the previous case. Therefore, that the insured did not die prior to January 4, 1986, is not *res judicata.*

*Limitation of Action*

 T.C.A. § 30–3–103 also determines the plea of the statute of limitations. As stated previously, the complaint does not assert the insured's absence for seven years as a basis for relief. It does assert, however, "the fact of absence" as evidence of the insured's death. Pursuant to subsection (b)(1), when "the fact of the absence of the insured is relied upon by the beneficiary as evidence of the death," suit on the policy may be brought "within the statutory period of limitation for actions on contracts in writing," and the limitation period begins on the date that the insurer is notified of the insured's absence, provided notice is given within one year from the date that the insured disappeared. Notice was given on March 9, 1984, less than a year after the insured's disappearance. Since the statute of limitations for suits on insurance policies is six years, T.C.A. § 28–3–109(a)(3) (1980), suit could have been brought anytime prior to March 10, 1990. However, suit was not filed until November 20, 1990, approximately eight months after the time for filing had expired. Consequently, the cause of action was barred.

Judgment dismissing the complaint is affirmed.

Costs on appeal are taxed against First American.

DROWOTA, O'BRIEN and ANDERSON, JJ., concur.

DAUGHTREY, J., not participating.

---

1. The 1985 amendment to T.C.A. § 33–3–102(c) abolished the presumption for the purpose of distributing personalty and the proceeds of realty and authorized such distribution only upon a finding of death. *See* Cohen, Paine and Shep-

herd, *Tennessee Law of Evidence,* § 300.5 (2d ed. 1990). However, that amendment, which was enacted after the first suit was filed but prior to the trial, does not affect the case before the Court.