IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
July 19, 2011 Session

**JOHN D. GLASS**
v.
**SUNTRUST BANK, Trustee of the Ann Haskins Whitson Glass Trust;
SUNTRUST BANK, Executor of the Estate of Ann Haskins Whitson Glass
and William Glass**

Direct Appeal from the Probate Court for Shelby County
No. D9423    Karen D. Webster, Judge

No. W2010-02527-COA-R3-CV - Filed August 26, 2011

This is an appeal from an action originally filed in the Chancery Court of Shelby County, seeking damages for Appellees' alleged breach of trust, breach of fiduciary duty, mismanagement, negligence, and breach of duty to diversify in its roles as executor of Decedent's estate and Decedent's successor trustee. Decedent's son, the Appellant herein, filed his original suit in the Probate Court of Shelby County, seeking return of administrative costs and fees charged by Appellee. The probate court affirmed the fees, and Appellant filed a subsequent complaint in the chancery court. The chancery court complaint was eventually transferred to the probate court, where it was dismissed on grounds of collateral estoppel and *res judicata*. Appellant appeals. We conclude that there was no final order in the first probate proceeding and, consequently, the criteria for both collateral estoppel and *res judicata* are not met. Reversed and remanded.

**Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Probate Court Reversed**

J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Donald W. Pemberton, Memphis, Tennessee, for the appellant, John D. Glass.

Olen M. Bailey, Jr., Memphis, Tennessee, for the appellees, SunTrust Bank, Trustee of the Ann Haskins Whitson Glass Trust; and SunTrust Bank, Executor of the Estate of Ann Haskins Whitson Glass and William Glass.

# MEMORANDUM OPINION[1]

Ann Haskins Whitson Glass ("Decedent") died testate on January 2, 2007. On January 5, 2007, the Probate Court of Shelby County admitted Decedent's will and opened her estate (the "Estate"). The Decedent's will names her two sons, William Q. Glass, Jr. and Appellant John Douglas Glass as the beneficiaries (in equal part) of the *res* of her Estate. Decedent named National Bank of Commerce ("NBC") as her Executor. The residual estate was to be held in trust pursuant to a Trust Agreement executed by Decedent on April 23, 1994, and amended and restated on June 23, 2000 (the "Trust"). The Trust was a revocable grantor trust, with Decedent being the trustee during her lifetime. Upon Decedent's death, the Trust names NBC as the successor trustee. The residuary Trust was to be divided, *per stirpes*, between Decedent's sons. NBC was subsequently sold to SunTrust Bank ("SunTrust," and together with William Q. Glass, "Appellees"). As NBC's successor in interest, SunTrust became the trustee of Decedent's Trust and the executor of her Estate.

On January 26, 2009, Appellant filed a petition to recover executor's fees against SunTrust in the Shelby County Probate Court (the "First Probate Case"), alleging that a $49,000 fee paid to SunTrust was not approved by the probate court, was excessive and unreasonable, and was incorrectly paid as an executor's fee when it should have been paid as a trustee's fee.

On February 18, 2009, SunTrust filed a motion to dismiss Appellant's petition. In support of its motion, SunTrust noted that Decedent's will provided that all administrative costs of the Estate would be paid "by the Successor Trustee of the Trust. . . ."[2] Because SunTrust's "administrative costs" were paid out of Trust funds, and not out of assets of the Estate, SunTrust argued that the probate court, which (under its probate jurisdiction) may only exercise jurisdiction over assets passing under the will, lacked jurisdiction to adjudicate the issues arising from costs paid from Trust funds. On March 23, 2009, Appellant filed a

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2]*See* Tenn. Code Ann. § 30-2-317(a)(1), defining "costs of administration" as compensation to the personal representative and to the personal representative's legal counsel.

response to Appellees' motion to dismiss. In relevant part, Mr. Glass argued that, because SunTrust occupied the roles of both executor of Decedent's Estate and Decedent's successor trustee, the probate court could properly exercise subject-matter jurisdiction to address the issue of administrative costs. On March 23, 2009, SunTrust filed a response to the petition to recover executor's fees. A hearing was held on March 26, 2009, and the probate court issued an oral ruling from the bench on June 3, 2009, which was incorporated by reference into the probate court's July 14, 2009 Order. This Order provides, in relevant part, as follows:

> IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED THAT:
>
> A. The Motion to Dismiss filed by SunTrust Bank is denied.
>
> \*                          \*                          \*
>
> C. The fee in the amount of $49,000.00 . . . is reasonable and is approved by this Court.
>
> D. All other relief requested by Petitioner in the Petition is denied.
>
> \*                          \*                          \*
>
> F. SunTrust Bank is entitled to reimbursement for attorney's fees in defending the Petition. . . . The issue of whether or not the attorney's fees should be allocated to and paid from the Petitioner's portion of the Trust and Estate or to and from the entire Trust and Estate is reserved for future hearing. Furthermore, the issue of the amount of such attorney's fees is reserved for a future hearing.

Although the July 14, 2009 Order indicates that the issues concerning attorney's fees were reserved for future hearing, there is no indication in the record that such hearing actually occurred, or that there was any ruling on these issues.

On September 16, 2009, Mr. Glass filed a separate complaint in the Chancery Court of Shelby County (the "Chancery Court Case"). The complaint, filed against "SunTrust Bank, Inc.; SunTrust Bank Memphis, Trustee of the Ann Haskins Whitson Glass Trust; and SunTrust Bank Memphis, Executor of the Estate of Ann Haskins Whitson Glass," sought damages for SunTrust's alleged: (1) breach of trust and fiduciary duty by: (a) its decision "to

treat the assets of the Trust as part of the Estate and [to] receive their fee as Executor rather than Trustee based on the value of the assets of the Trust," and (b) by failing to develop [and] communicate a plan to [Appellant] and implement a plan for distribution of Trust assets; (2) mismanagement and negligence in failing to: (a) select the alternate valuation date for Federal and Tennessee death taxes, (b) place the probate assets in the Trust prior to Ms. Glass's death to avoid the necessity of probate, (c) provide the Appellant with accurate tax information, (d) select a favorable fiscal tax year for the Estate, and (e) in leasing the Dyer [County] farm without Appellant's consent; (3) breach of duty to diversify by failing to formulate, communicate and implement a plan for distribution of the Trust assets in violation of Tennessee Code Annotated Section 35-15-804.[3]

On October 14, 2009, SunTrust moved the chancery court to transfer the case to the probate court or, in the alternative, to dismiss the chancery court case. In support of its motion, SunTrust argued that the allegations raised in the September 16, 2009 chancery court complaint had previously been asserted in the First Probate Case. Based upon its argument that the claims raised in chancery court had been adjudicated by the probate court in its July 14, 2009 order, SunTrust argued that the issues raised by Appellant in the Chancery Court Case were precluded, or should otherwise be dismissed under the doctrine of *res judicata*. SunTrust also argued that the chancery court lacked jurisdiction because Appellant's complaint was merely an attempt to appeal the First Probate Case to the chancery court, which had no jurisdiction to hear the appeal. Furthermore, SunTrust argued that Appellant filed his Chancery Court Case in the name of "SunTrust Bank, Inc." and "SunTrust Bank Memphis," which it averred were not legal entities in existence in the State of Tennessee. By consent order entered on October 30, 2009, Mr. Glass was allowed to amend his chancery court complaint to delete the "Inc." and the "Memphis" from SunTrust's name, and to add his brother, William Glass, as a necessary party. Thereafter, on November 3, 2009, SunTrust amended its motion to transfer the case. The amended motion removed the legal entity argument based upon the amendments to the complaint. On November 4, 2009, Appellant filed a response in opposition to SunTrust's motion to transfer the Chancery Court Case to

_____

[3] Tennessee Code Annotated Section 35-15-804 addresses prudent administration of trusts and states that:

> A trustee shall administer the trust as a prudent person would, by considering the purposes, terms, distributional requirements, and other circumstances of the trust. In satisfying this standard, the trustee shall exercise reasonable care, skill and caution.

probate court. By Order of April 16, 2010, the chancery court granted SunTrust's motion to transfer the case.

On April 26, 2010, the probate court accepted the transfer from the chancery court (the "Second Probate Case"). There is no indication that the probate court consolidated the Second Probate Case with the First Probate Case. Following the transfer of the case, SunTrust filed a second amended motion to dismiss the amended complaint in the probate court, reiterating its previous arguments of issue preclusion and *res judicata*. Appellant opposed this motion. A hearing on the second amended motion to dismiss was held on August 19, 2010. By Order of November 12, 2010, the probate court dismissed the Second Probate Case upon its finding that Mr. Glass's claims and issues were barred on grounds of both collateral estoppel and *res judicata*. The November 12, 2010 order was amended February 2, 2011 to add the word "Final" in its caption and to tax costs.

Appellant appeals and raises two issues for review as stated in his brief:

> 1. Whether the trial court erred in granting [SunTrust's] Second Amended Motion to Dismiss based upon a finding that [Appellant] was precluded under the doctrine of collateral estoppel from filing and litigating his Amended Complaint against [SunTrust].

> 2. Whether the trial court erred in granting [SunTrust's] Second Amended Motion to Dismiss based upon a finding that [Appellant] was precluded under the doctrine of *res judicata* from filing and litigating his Amended Complaint against [SunTrust].

The sole issues before this Court are whether the trial court erred in finding either the doctrine of *res judicata* or collateral estoppel applicable so as to bar the Second Probate Case. A trial court's decision that a lawsuit is barred by principles of *res judicata* or collateral estoppel presents a question of law, which this Court reviews *de novo* upon the record with no presumption of correctness. ***In re Estate of Boote***, 198 S.W.3d 699, 719 (Tenn. Ct. App. 2005).

The doctrine of *res judicata* generally bars a second lawsuit between the same parties or their privies on the same cause of action with respect to all issues that were or could have been litigated in the former suit. ***State v. Thompson***, 285 S.W.3d 840, 848 (Tenn. 2009) (citing ***Massengill v. Scott***, 738 S.W.2d 629 (Tenn. 1987)). Collateral estoppel operates to bar a second suit between the same parties and their privies on a different cause of action

only as to issues which were actually litigated and determined in the former suit. ***Id***. As noted in ***Thompson***:

> In the context of a civil case, collateral estoppel (also known as issue preclusion) has been described as an extension of the doctrine of *res judicata* (also known as claim preclusion) and applicable only when "it affirmatively appears that the issue involved in the case under consideration has already been litigated in a prior suit between the same parties, even though based upon a different cause of action, if the determination of such issue in the former action was necessary to the judgment . . . ."

***Id***. (citing ***Massengill***, 738 S.W.2d at 631–32).

The main purposes of the *res judicata* and collateral estoppel doctrines are to prevent inconsistent or contradictory judgments, conserve legal resources, and protect litigants from having to defend multiple lawsuits involving the same facts. ***Creech v. Addington***, 281 S.W.3d 363, 376 (Tenn. 2009) (citing ***Sweatt v. Tenn. Dep't of Corr.***, 88 S.W.3d 567, 570 (Tenn. Ct. App. 2002)).

For the doctrine of *res judicata* to apply, there must be a final judgment on the merits that involved the same cause of action as the current action. ***Creech***, 281 S.W.3d at 377. Parties asserting a *res judicata* defense must demonstrate that: (1) a court of competent jurisdiction rendered the prior judgment; (2) the prior judgment was final and on the merits; (3) the same parties or their privies were involved in both proceedings; and (4) both proceedings involved the same cause of action. *See **Lee v. Hall***, 790 S.W.2d 293, 294 (Tenn. Ct. App. 1990). A prior judgment or decree does not prohibit the later consideration of rights that had not accrued at the time of the earlier proceeding or the reexamination of the same question between the same parties when the facts have changed or new facts have occurred that have altered the parties' legal rights and relations. *See **White v. White***, 876 S.W.2d 837, 839–40 (Tenn. 1994).

In order "[t]o prevail with a collateral estoppel claim, the party asserting it must demonstrate: (1) that the issue to be precluded is identical to an issue decided in an earlier proceeding; (2) that the issue to be precluded was actually raised, litigated, and decided on the merits in the earlier proceeding; (3) that the judgment in the earlier proceeding has become final; (4) that the party against whom collateral estoppel is asserted was a party or is in privity with a party to the earlier proceeding; and (5) that the party against whom collateral estoppel is asserted had a full and fair opportunity in the earlier proceeding to contest the issue now sought to be precluded." ***Gibson v. Trant***, 58 S.W.3d 103, 118 (Tenn.

2001) (Birch, J., concurring and dissenting) (citing ***Beaty v. McGraw***, 15 S.W.3d 819, 824–25 (Tenn. Ct. App. 1998)).

As set out above, in order to prevail on either a *res judicata* or a collateral estoppel defense, there must be a final order from an earlier proceeding. In this case, that order would be the July 14, 2009 Order, which was entered in the First Probate Hearing. The threshold issue for this Court, therefore, is whether that order was, in fact, a final judgment. We note that, although the probate court amended its November 12, 2010 order (entered in the Second Probate Case) to make that order final and appealable, this fact does not have any bearing on the finality of the order entered in the First Probate Case. This is because the Second Probate Case was a distinct and separate lawsuit, which was not consolidated with the First Probate Case.

Turning to the First Probate Case, the July 14, 2009 Order entered therein is not final. As set out above, the probate court's order did not adjudicate the issue of attorney's fees, nor is there any indication that this order was meant to close the Estate as a final adjudication of all pending Estate issues. It is well settled that, "[i]n the absence of an express direction of the court to the contrary, a judgment that disposes of only some of the claims, issues, or parties is not a final judgment and is subject to revision by the court at any time before the entry of a final judgment adjudicating all claims and the rights and liabilities of all parties." ***Creech***, 281 S.W.3d at 377; ***Estate of Henderson***, 121 S.W.3d 643, 645 (Tenn. 2003); ***State ex rel. McAllister v. Goode***, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997). In the absence of full adjudication of all claims, issues, and parties, Tennessee Rule of Civil Procedure 54.02 provides:

> When more than one claim for relief is present in an action . . . or when multiple parties are involved, the Court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. **In the absence of such determination and direction, any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties.**

Tenn. R. Civ. P. 54.02 (emphasis added). The July 14, 2009 Order does not contain Tennessee Rule of Civil Procedure 54.02 language. In the absence of this language, and because the issues involving attorney's fees were not adjudicated, we conclude that the July 14, 2009 Order was not a final judgment. With no final judgment entered in the First Probate Case, there can be no finding of *res judicata* or collateral estoppel.

For the foregoing reasons, we reverse the order of the trial court and remand this cause for all necessary proceedings. Costs of this appeal are assessed against the Appellee, SunTrust Bank, for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE