IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
January 30, 2012 Session

## STANLEY A. GAGNE, v. STATE FARM FIRE AND CASUALTY COMPANY

**Appeal from the Chancery Court for Campbell County**
**No. 10-057    Hon. Billy Joe White, Chancellor**

**No. E2011-01117-COA-R3-CV - Filed March 5, 2012**

Plaintiff brought suit against defendant, his insurance company, claiming a burglary loss. Defendant moved for summary judgment on the grounds the statute of limitations had run, but plaintiff argued that under contract law the statute of limitations is six years. The Trial Court enforced the one-year statute of limitations contained in plaintiff's policy of insurance and plaintiff has appealed. On appeal, we affirm the Judgment of the Trial Court which held that the one-year statute of limitations set forth in the policy was applicable to this claim.

**Tenn.  R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which  Charles D. Susano, Jr. J. and D. MICHAEL SWINEY, J., joined.

Michael G. Hatmaker, Jacksboro,  Tennessee, for the appellant, Stanley A. Gagne.

John J. Britton, Knoxville, Tennessee, for the appellee, State Farm Fire and Casualty Company.

### OPINION

Plaintiff, an insured of defendant State Farm, brought this action on April 22, 2010, alleging that on April 23, 2004, he owned a home that was insured by defendant that was burglarized.  He averred that many items were taken, and that he made a demand on

defendant for the loss of property, but defendant had not paid his claim, and he concluded that defendant had breached its contract of insurance with him. Defendant answered, admitting that it insured plaintiff on the date in question, but raised the affirmative defense of the statute of limitations.

Defendant filed a Motion for Summary Judgment, asserting that plaintiff's claim was untimely and should be dismissed. It attached an Affidavit of Walt Scarbrough, who stated that he was a Claim Representative for State Farm, and that after plaintiff filed a claim that his home was burglarized on April 23, 2004, Scarbrough sent him a letter telling him that he had to submit a proof of loss form within 60 days, and attached a blank form. Scarbrough stated that he also informed plaintiff in the letter that he had to prepare an inventory of the lost property, and provided an inventory form. He received plaintiff's Sworn Statement in Proof of Loss on May 24, 2004, and attached same to his affidavit. Scarbrough stated that on or about June 28, 2004, he received 8 personal property inventory forms from plaintiff, and attached those as an Exhibit.

Scarbrough stated that on November 15, 2004, State Farm's attorney wrote to plaintiff regarding scheduling his Examination Under Oath, and that letter was also attached. Scarbrough stated that State Farm had difficulty completing its investigation, due to the fact that plaintiff was incarcerated. Scarbrough stated that the Examinations Under Oath were completed in 2005 and 2006.

Scarbrough stated that on August 24, 2007, State Farm's attorney sent a letter to plaintiff's attorney seeking to resolve the matter, which letter was attached. In all of the letters that defendant sent, it was expressed that defendant was not waiving any defenses or policy requirements. The last letter sent was on January 17, 2008, states that numerous requests had been made for supporting documentation, and that if the same was not furnished by the end of January, defendant's attorney would assume plaintiff was no longer pursuing a claim. Scarbrough concluded that nothing further was heard from plaintiff or his attorney until the Complaint was filed in 2010.

Defendant also filed an Affidavit of Michael Haga, who stated that he was custodian of the records related to plaintiff's claim for defendant, and that defendant was notified of the loss on April 28, 2004, by plaintiff's wife. He attached further documentation, including the June 7, 2004, letter to plaintiff advising him the proof of loss was incomplete, and the two follow up letters sent June 28, 2004, and July 14, 2004.

Plaintiff's response to the summary judgment motion was that the applicable statute of limitations was 6 years.

The Trial Court entered an Order Granting Defendant's Motion for Summary Judgment, and held that the applicable policy had a one year limitation period. The Court held that plaintiff's complaint was untimely and granted summary judgment to defendant.

Plaintiff filed a Notice of Appeal. The issue presented on appeal is whether the Trial Court erred in granting summary judgment to State Farm?

Appellant asserts that the Trial Court erred in granting summary judgment, arguing that a claim such as this has a 6 year statute of limitations pursuant to Tenn. Code Ann. §28-3-109. He relies on the cases of *White v. White*, 876 S.W.2d 837 (Tenn. 1994), and *Schleif v. Hardware Dealer's Mut. Fire Ins. Co.*, 404 S.W.2d 490 (Tenn. 1966). Neither of these cases, however, dealt with a policy that had a shorter limitation period, thus the general 6-year statute of limitations applicable to contract actions was found to apply in those cases.

In this case, the policy explicitly provides that "No action shall be brought unless there has been compliance with the policy provisions. The action must be started within one year after the date of loss or damage." Tennessee courts have uniformly held that a contractual limitation period such as the one in this policy enforceable. *See Certain Underwriters at Lloyd's of London v. Transcarriers Inc.*, 107 S.W.3d 496 (Tenn. Ct. App. 2002); *Das v. State Farm*, 713 S.W.2d 318 (Tenn. Ct. App. 1986); *Phoenix Ins. v. Brown*, 381 S.W.2d 573 (Tenn. Ct. App. 1964); *see also Burton v. Nationwide Ins. Co.*, 2007 WL 3309076 (E. D. Tenn. Nov. 6, 2007). As stated in *Certain Underwriters*:

> We begin by noting that a policy for insurance is generally reviewed under contract principles. As long as its terms are unambiguous, it will be enforced as written. Ambiguous terms generally will be construed against the drafter. However, the courts will not rewrite an unambiguous term simply to avoid harsh results. It is undisputed that a contractually agreed limitations period in an insurance policy is valid and enforceable in Tennessee.

107 S.W.3d at 499 (citations omitted).

These cases go on to discuss the fact that the limitation period begins to run not on the date of loss, but rather at the end of the insurance company's 60-day immunity period, or when the insurance company denies the claim if that occurs within the 60-day immunity period. *Id.*

In this case, as the Trial Court found, the loss occurred on April 23, 2004, and plaintiff's proof of loss was received by State Farm on May 24, 2004. Thus, the 60-day

immunity period began then, and ended on July 23, 2004, when the statute of limitation began to run.

We affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to Stanley Gagne.


_____
HERSCHEL PICKENS FRANKS, P.J.